IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
| :--- | :--- | :--- |
| Respondent | : | |
| | : | Criminal No. 1:08-CR-104 |
| v. | : | |
| | : | (Chief Judge Kane) |
| KEVIN JUDAS COLEMAN, SR. | : | |
| Petitioner | : | |

**MEMORANDUM ORDER**

Pending before the Court is Petitioner Kevin Judas Coleman, Sr.'s motion which requests an extension of time to file an appeal of this Court's order denying Petitioner's motions under 28 U.S.C. § 2255. (Doc. No. 59.)

On December 9, 2010, the Court issued its final order denying Petitioner's § 2255 motion. (See Doc. No. 57.) Because the United States was a party in the case, Petitioner had 60 days after the order was entered to file an appeal. Fed. R. App. P. 4(a)(1)(B). On February 10, 2011, Petitioner filed his request seeking an extension of time to file his appeal. (Doc. No. 59.) Petitioner avers that he never received a copy of the Court's order denying his § 2255 motion because of a change in address. (Id. at 1.) The Court will grant Petitioner's request. "The district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires . . . ." Fed. R. App. P. 4(a)(5)(A)(i). Petitioner now has an additional 30 days added to his time to appeal his § 2255 motion. See Fed. R. App. P. 4(a)(5)(C) ("No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered,

1

whichever is later."). Such appeal must be filed on or before March 9, 2011.[1]

**ACCORDINGLY**, on this 15th day of February 2011, it is **HEREBY ORDERED THAT** Petitioner's request for an extension of time to appeal from this Court's order denying him relief under 28 U.S.C. § 2255 is **GRANTED**. A Notice of Appeal must be filed on or before March 9, 2011. **IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to provide Petitioner with a copy of the Court's December 9, 2010 Memorandum and Order (Doc. No. 57).

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The Court notes that its granting of an extension of time to file an appeal should not be taken as an indication that it believes an appeal has any merit. An appeal from an order denying a § 2255 petition may not be taken unless a circuit justice or judge issues a certificate of appealability, thereby indicating that the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). To satisfy the substantial showing requirement, an applicant "must show that reasonable jurists could debate whether . . . the [habeas] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted). In the Court's order denying Petitioner's § 2255 motion, the Court found that reasonable jurists would not disagree with the Court's assessment of Coleman's claims and ordered that a certificate of appealability shall not issue. (Doc. No. 57 at 18.) Therefore, no certificate of appealability will issue from this Court as to Petitioner's § 2255 petition.